VINCENZO VINGI *vs*. EDWARD VIGLIOTTI.

JUNE 14, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This case is before us on the defendant's exception to the action of a justice of the superior court in denying defendant's motion to remove a default and to reinstate the case for trial.

The plaintiff brought an action of assumpsit on a promissory note and moved for summary judgment. Defendant filed an affidavit of defense which, after a hearing in the superior court, he was permitted to amend. Thereafter another hearing was held on such motion for summary judgment and amended affidavit of defense, and the plaintiff's motion was denied. The case was then assigned for trial to January 20, 1939. The case was reached on that day but, at the request of counsel for the defendant, the case was reserved for trial to the Monday next following, January 23, 1939, with precedence over other cases on the calendar for that date.

On January 21, 1939, the defendant's counsel obtained from plaintiff's counsel consent to the vacating of the order of assignment for trial to January 23, 1939, and the reassignment of the case for trial to January 31, 1939, which latter date defendant's counsel selected. The plaintiff and his witnesses appeared in court on that date but defendant's coun-

sel requested a further continuance. The justice of the superior court then sitting granted counsel's request on condition that defendant would pay plaintiff a counsel fee of $15. Defendant's counsel, however, after seeking his client about the courthouse was unable to find him and thereupon defendant was called and defaulted and the case was assigned to the motion calendar for February 4, 1939 for proof of damages.

The defendant then filed a motion to remove the default and this motion was likewise assigned for hearing to February 4, 1939. Both motions were heard together on that date by a justice of the superior court who had not previously heard the case in any of its several stages prior thereto. No evidence was presented at this hearing by the defendant as to why he was unable to go to trial on the date which he had last selected or as to whether he would be able to go to trial in the future. He relied solely upon his counsel's statement that he had a good defense as stated in his affidavit of defense.

When the trial justice inquired as to the name of the man he was looking for as a witness, defendant's counsel said he was not looking for any man but started to reply by referring to the history of the case. It appearing that the defendant was not able to give a cause or reason for his failure to be ready to defend the case, the trial justice then denied the defendant's motion and allowed him an exception.

It is difficult for us to understand from the defendant's argument and brief upon what ground he bases his claim of error on the part of the trial justice. We assume that he contends that the trial justice abused his discretion in denying defendant's motion. On this view we carefully read the meagre transcript of what occurred at the hearing and we are unable to find that defendant presented anything for the consideration of the trial justice that would have warranted him in exercising his discretion to remove the default.

A motion or petition of this kind rests in the judicial discretion of the superior court. *Nelen* v. *Wells,* 45 R. I. 424. This court will review the action of the superior court on such a motion or petition. *Fox* v. *Artesian Well & Supply Co.,* 34 R. I. 260; *Roy* v. *Tanguay,* 131 A. 553 (R. I.); *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458; *Nelen* v. *Wells, supra; Borden* v. *Briggs,* 49 R. I. 207. But, as was said in the *Nelen* case, the determination of such a motion or petition will not be set aside by this court "unless it appears that the inferior court abused its discretion or based its determination upon an error of law."

In the record before us we do not find anything to warrant us in saying that the trial justice abused his judicial discretion in denying defendant's motion for removal of the default.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings following the judgment.

*Fergus J. McOsker,* for plaintiff.

*Vincent P. Marcaccio, Jr.,* for defendant.